## Abington Township v. Jacobsen

*David E. Groshens*, for plaintiff.

*Gilbert P. High*, for defendants.

FORREST, J., February 20, 1956.—This is a scire facias sur municipal claim for the construction of a sanitary sewer in front of defendants' property. Defendants have filed an affidavit of defense in the nature of a demurrer asserting that under the provisions of ordinances nos. 718 and 741 of the Township of Abington, the assessment levied upon them is excessive.

The undisputed facts as stipulated by counsel may be summarized as follows:

The Township of Abington has a comprehensive plan, drawings and specifications prepared by its sewer engineer and approved by its Department of Health and by the Pennsylvania Department of Health for the construction of sanitary sewers within its jurisdiction. In accordance with said plan, drawings and specifications, ordinances nos. 718 and 741 were enacted by the Board of Commissioners of the Township providing that the township shall construct, or cause to be constructed, sanitary sewers between specified points on certain named streets in the township. Ordinance no. 718 required the construction of sewers on Pepper Road and ordinance no. 741 required such construction on Washington Lane. Both ordinances provided, inter alia:

"Section 5. The said sanitary sewers when constructed shall form part of the Township Sewer

System constructed under Ordinances Nos. 245 and 246. . . .

"Section 6. . . . the properties accommodated or benefited thereby, shall be assessed and are hereby assessed . . . by an assessment per front foot upon the frontage of each of said properties abutting on said sewer: PROVIDED, that any lot situated at the corner of two or more streets or roads in which sewers are laid shall be charged for the sewer on the street or road upon which the said lot abuts, and for so much of the sewer on the other street or road as exceeds one hundred feet."

Defendants own a property at one of the corners of the intersection of Pepper Road and Washington Lane. This property has a frontage of 113.85 feet on Pepper Road and a frontage of 129.99 feet on Washington Lane. Under ordinance no. 718, a sewer was laid from Washington Lane along 77 feet of defendants' frontage on Pepper Road. No sewer was constructed along the remaining frontage of 36.85 feet on Pepper Road. Defendants paid in full the assessment for the 77 feet of sewer on Pepper Road. Under ordinance no. 741 a sewer was constructed extending from Pepper Road along defendants' entire frontage of 129.99 feet on Washington Lane. The township assessed the defendants for this entire frontage of 129.99 feet at the rate of $8.24 per foot, and allowed no exemption to the defendants under the proviso of section 6 of the ordinance.

Assuming that the sewers had been installed in Pepper Road and in Washington Lane under one ordinance, defendants unquestionably would have been entitled to an exemption for 100 feet of the frontage on Washington Lane. The fact that different ordinances provide for the Washington Lane sewer and for the Pepper Road sewer should not in itself deny

the plaintiffs exemption. In the absence of a clear expression of legislative intent, we are of the opinion that it would be unreasonable to construe the intent of the commissioners to be to allow a certain footage exemption if sewers are installed in intersecting streets at one time under one of the ordinances and to deny any footage exemption if sewers are installed in such streets at different times and under separate ordinances which correspond, nevertheless, in all other material respects. Such a construction would discriminate in an irrational manner against owners of corner properties affected by two sewer construction contracts as compared with owners of such properties subject to only one contract. We recognize that it is not always possible to achieve absolute justice in apportioning the expenses of municipal improvements. Nevertheless, it is our opinion that the construction of the ordinance which the Township asks us to adopt is manifestly unreasonable and discriminatory.

The owners have not sought the full exemption of 100 feet. They have recognized that the Township did not install sewers along 36.85 feet of their frontage on Pepper Road farthest from Washington Lane, although the township might have done so for no particular purpose. Therefore, they have indicated their desire that the demurrer be sustained deducting 36.85 feet from the 100 feet of exemption leaving an exemption of 63.15 feet or a net assessable frontage of 66.84 feet.

## Order

And now, February 20, 1956, the affidavit of defense in the nature of a demurrer is sustained except to the extent of a net assessable frontage of 66.84 feet. Defendants are allowed 20 days after notice of this order within which to file an affidavit of defense on the merits.